IN RE ESTATE OF MARY PEACH.
J. J. NOVAK, SPECIAL ADMINISTRATOR, ET AL., APPELLEES, V.
H. H. CHALOUPKA ET AL., APPELLANTS.

FILED JANUARY 16, 1931. No. 27413.

*Bartos, Bartos & Placek* and *Hall, Cline & Williams,* for appellants.

*J. J. Grimm* and *George Hager, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DEAN, J.

Mrs. Mary Peach, a long-time resident of Saline county, died October 21, 1929, leaving an estate valued at $100,000, or approximately that sum. She bequeathed her entire estate to her husband, John Peach, but with a proviso in the will that he give $1,000 thereof to a sister, Anna Chaloupka, and $2,000 to the Sunnyside Cemetery Association at Wil-

ber.  Mrs. Peach named her husband as executor of her estate, but he died some time before her death.  Mrs. Peach did not, however, name another executor to take the place of her husband.  Soon after the death of the testatrix the county court, on the recommendation of the above named cemetery association, appointed J. J. Novak special administrator of the will and of the estate.  Four of the five children of Anna Chaloupka, since deceased, namely, Adolph, Fred, Henry, and Leonard Chaloupka, were dissatisfied with the appointment of Novak and prosecuted an appeal to the district court to have him removed, and to have two of their number, namely, Adolph and Leonard Chaloupka, appointed joint administrators in his place. Upon submission, the district court dismissed the appeal, on the ground, as stated in the decree, that no abuse of discretion appeared on the part of the county judge in the appointment of Novak as administrator.  The objectors have appealed to this court to have the record and the proceedings reviewed.

The main question presented by the record is whether, after the death of Mrs. Peach, her next of kin have a lawful right, as herein pointed out, to nominate an administrator, with the will annexed, where the person formerly nominated in the will predeceased the testatrix, and where the next of kin are entitled to the major portion of the estate in suit.  It is not questioned that the persons so nominated by the objectors are suitable and proper persons to assume the office of joint administrators.

In support of their argument that the court should have sustained their objections to the appointment of Novak and should have appointed a nominee of their choice as administrator, the objectors cite and rely upon section 1285, Comp. St. 1922, which they contend provides the controlling principle applicable to the situation presented by the present case.  Section 1285 follows:

"If a person named executor in any will shall refuse to accept the trust, or shall, for a space of twenty days after the probate of the same, neglect to give bond as required by law, the county court may grant letters testamentary to the

other executors, if there be any who are capable and willing to accept the trust, and if there be no such other executor who will give bond, the court may commit administration of (the) estate, with the will annexed, to such person as would have been entitled to the same if the testator had died intestate."

In the administration of the estate of a person dying intestate, section 1293, Comp. St. 1922, provides:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"First. The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust;

"Second. If the widow, or next of kin, or the persons selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it;

"Third. If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

The very general rule appears to be that the right to administer an estate should, so far as possible, remain in the hands of those, or some of them, having a direct personal interest in the estate, if qualified therefor, thereby keeping the property, its control, and its distribution more nearly in the hands of those entitled to share therein.

In the case before us, however, the administrator appointed by the court is an experienced business man and, as pointed out in the objectors' brief, they concede that no reflection is intended to be cast upon his honesty or his ability to properly administer the estate. And it also appears

that, soon after the funeral obsequies, Novak reminded the beneficiaries that it would be necessary that some one take charge of the estate, and he testified that none of the beneficiaries would then consent to have anything to do with the administration. The objectors, however, severally contend that, when Novak was orally requested to take charge of the estate, they knew little or nothing about the provisions in the will, nor did they know that their mother had been named therein as a beneficiary, and this from the fact that she and the testatrix had not been friendly for several years.

"The rule, when uncontrolled by statute, is to grant administration with the will annexed to the claimant having the greatest interest under the will, for which reason the residuary legatee is preferred to mere next of kin." 3 Schouler, Wills (6th ed.) sec. 1569. And section 1573, of the same work, contains this provision, namely: "Upon the refusal or inability of the residuary legatee to fill the vacancy under the will, administration with the will annexed has been granted most commonly to the next of kin. * * * In some states the next of kin has the same preferential right to administer as though the decedent was intestate."

And another recognized authority advances this thought:

"The right of administration is not inherent, but statutory. But aside from the statutory regulations, which in every state determine what persons are entitled to the administration, and which of course must be observed in appointing an administrator to office, the discretion vested in probate courts in this respect is to be governed by well-known general principles. The most important of these is, that administration should be committed to those who are the ultimate or residuary beneficiaries of the estate—those to whom the property will go after administration. To secure to them the right to administer is the paramount object of the statutes fixing the order of preference, and constitutes the aim and intention of courts in the exercise of such discretion as is vested in them. It is obvious that those who will reap the benefit of a wise, speedy, and economical administration, or, on the other hand, suffer the conse-

quences of waste, improvidence, or mismanagement, have the highest interest and most influential motive to administer properly." 2 Woerner, Law of Administration (3d ed.) sec. 235.

In view of the facts before us, we think the court erred in overruling the objections of the next of kin to the appointment of Novak as administrator. Under the statute, the person most "suitable" to administer the estate would be one or more of the heirs of Mrs. Peach. Clearly, for reasons that are obvious, the appointment should be made, both with a view to the relation of the nominee to the estate, and a view to his competency to administer the estate. And there is no contention that the objectors are incompetent to manage the estate in every particular. In the absence of statutory provision, where the person named executor in a will dies before the testatrix, as in the present case, and no other executor has been named in the will, it is the duty of the county court to commit administration of the estate to those who are legally competent and to whom the property will revert when the estate is administered.

The judgment of the district court is reversed, with directions that a decree be rendered in conformity with the views expressed in this opinion.

REVERSED.